**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD DAVID deROSIER, | No. 12-16556 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01617-MCE-EFB |
| v. | |
| CHRISTOPHER LONGAKER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Donald David deRosier, an attorney, appeals pro se from the district court's

judgment dismissing his action arising from a small claims court dispute.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

dismissal under Federal Rule of Civil Procedure 12(b)(1) or (6).  *Colony Cove*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We affirm.

The district court properly dismissed deRosier's action as barred by the *Rooker-Feldman* doctrine because the action is "forbidden de facto appeal" of a state court judgment and raises constitutional claims that are "inextricably intertwined" with the state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (concluding that the district court lacked jurisdiction where the plaintiff "essentially asked the federal court to review the state court's denial in a judicial proceeding, and to afford him the same individual remedy he was denied in state court" (internal citation and quotation marks omitted)).

Because we affirm on the basis of the *Rooker-Feldman* doctrine, we do not address deRosier's arguments concerning judicial immunity and Eleventh Amendment immunity.

deRosier's requests, set forth in his opening brief, for a new trial judge on remand and for clarification regarding his ability to recover attorney's fees are denied.

**AFFIRMED.**